IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ANTHONY PARKER                    )
                                  )
    v.                            )    NO. 1:19-0013
                                  )
COMPREHENSIVE LOGISTIC, INC.      )

**To: Honorable William L. Campbell, Jr., District Judge**

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered January 24, 2019 (Docket Entry No. 7), the Court referred this removed action to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, for consideration of all pretrial matters and for submission of proposed findings of fact and recommendations for disposition of any dispositive motions.

Presently pending before the Court is Plaintiff's motion to quash the notice of removal (Docket Entry No. 6) and amended motion to quash (Docket Entry No. 9), which the Court has construed jointly as a motion to remand. Also before the Court is Defendant's motion to dismiss (Docket Entry No. 4), to which Plaintiff has filed a response in opposition (Docket Entry No. 8). For the reasons set out below, the undersigned respectfully recommends that the motion to remand be denied and the motion to dismiss be granted.

## I. FACTUAL BACKGROUND

Anthony Parker ("Plaintiff") was hired by Comprehensive Logistic Co., Inc. ("Defendant") on August 1, 2018, to work in the position of Operations Supervisor at Defendant's plant in Spring Hill, Tennessee. *See* Complaint (Docket Entry No 10-2). Plaintiff is an African-American male and was more than 40 years old at the time he was hired. *Id*. at ¶¶ 13 and 14.

Plaintiff was involved in two workplace incidents shortly after beginning his employment. First, on or about August 2 or 3, 2018, Plaintiff was informed by a Union Steward that he could not be on the shop floor performing tasks on the Rear Suspension Line because the UAW union contract does not permit supervisors to perform the duties of hourly employees. *Id*. at ¶¶ 20 and 22. Second, Plaintiff asserts that he attempted to defuse a hostile and tense verbal situation that was occurring between two hourly employees on or about August 7 or 8, 2018. *Id*. at ¶¶ 20 and 24. He contends that he reported both incidents to Marc Moschella ("Moschella"), the Second Shift Supervisor and his immediate supervisor, but that Moschella "did not understand or comprehend the union and company relationship" with respect to the first incident and was dismissive and said not to "get involved" in the second incident because Moschella "handled the problem." *Id*. at ¶¶ 23 and 25.

On August 8, Moschella and Human Resources Manager David Highland gave Plaintiff a Corrective Action/Counseling form and asked him to sign it. Plaintiff states that the form required him to learn "all jobs on the floor within a 7 1/2 week time frame" and that he was informed not to interact with hourly associates to discuss personal issues. *Id*. at ¶ 20. Instead of signing the form, Plaintiff resigned from his employment with Defendant. Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging age discrimination and unlawful retaliation, and he was issued a right to sue letter by the EEOC.

Plaintiff thereafter began the litigation process against Defendant. On August 29, 2018, he filed a *pro se* and *in forma pauperis* federal lawsuit against Defendant in this Court seeking relief for alleged wrongdoing that occurred during his brief employment with Defendant. *See Anthony Parker v. Comprehensive Logistics Co., Inc.*, 1:18-00065 ("Case No. 00065"). Specifically, he brought federal claims under the Age Discrimination in Employment Act of 1967 ("ADEA") for age discrimination and constructive discharge/retaliation and state law claims for (1) "violation of Tennessee's Public Policy and Implied Contract Employment at Will Exceptions," and (2) negligent retention of supervisors. Defendant filed a motion to dismiss in Case No. 00065, seeking dismissal of each of Plaintiff's claims for failure to state a claim upon which relief can be granted. The Court granted the motion to dismiss and dismissed with prejudice Plaintiff's federal employment discrimination claims. *See* Order entered December 11, 2018 (Docket Entry No. 21 in Case No. 00065). However, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and dismissed them without prejudice pursuant to 28 U.S.C. § 1367(c)(3). *Id.*

## II. THE INSTANT CASE

Shortly prior to the dismissal of Case No. 00065,[1] Plaintiff filed a complaint against Defendant on December 7, 2018, in the Circuit Court for Maury County, Tennessee ("Maury County Case"), that was very similar to the federal complaint he filed in Case No. 00065, but which deleted his federal claims, sought relief on only his two state law claims, and added some different language

---

[1] Prior to the actual dismissal of Case. No. 00065, a Report and Recommendation had been entered in the case recommending dismissal of Plaintiff's claims. Plaintiff incorrectly viewed the recommendation for dismissal as the actual dismissal of the case. *See* Docket Entry No. 1-2 at ¶ 11.

3

and allegations than previously made in the federal case.² *See* Docket Entry No. 1-2. On January 10, 2019, Defendant filed a Notice of Removal of the Maury County Case to federal court, pursuant to 28 U.S.C. §§ 1441, asserting that original jurisdiction via diversity jurisdiction exists under 28 U.S.C. § 1332 because it is a corporation incorporated in Delaware with its principal place of business in Ohio and because Plaintiff seeks over $75,000.00 in damages. *See* Docket Entry No. 1.

The action was removed to this Court, and Defendant promptly filed the pending motion to dismiss. Defendant raises three substantive arguments for dismissal of Plaintiff's state law claims: (1) any common law employment discrimination claims raised by Plaintiff are precluded by the Tennessee Human Rights Act; (2) the Tennessee Workers' Compensation Exclusivity Doctrine bars Plaintiff's claim for negligent retention of supervisors; and, (3) even if Plaintiff's claims are not preempted and precluded, his allegations fail to support claims upon which relief can be granted. *See* Defendant's Memorandum in Support of Motion to Dismiss (Docket Entry No. 5).

On January 16, 2019, Plaintiff filed what is styled as a "motion to quash Defendant's notice of removal." *See* Docket Entry No. 6. Plaintiff raises two arguments against removal. First, Plaintiff argues that the notice of removal was not timely because Defendant was "served on December 10, 2018, by Federal Marshal." *Id*. at 1. Second, Plaintiff argues that Defendant is barred from re-arguing "the merits of case in Federal Court" because Defendant did not object to the recommendation made by the Magistrate Judge in Case No. 00065 that his state law claims be dismissed without prejudice. *Id*. Plaintiff subsequently filed an "amended motion to quash," in which he appears to raise an argument that the referral of the instant case to the Magistrate Judge is

---

² Paragraphs 6, 28-31, 36 and 41 of the complaint filed in the Maury County Case set out different allegations than those made in the corresponding paragraphs in Case No. 00065.

improper because Plaintiff has not consented to either the referral or the case being removed to federal court. *See* Docket Entry No. 9. Defendant has filed responses opposing both of Plaintiff's motions. *See* Docket Entry Nos. 10-11 and 13.

In addition to challenging the removal of the Maury County Case, Plaintiff has filed a memorandum opposing Defendant's motion to dismiss. *See* Memorandum to Quash Defendant's Motion to Dismiss (Docket Entry No. 8).

### III. REMOVAL AND REMAND ISSUE

Plaintiff fails to raise a sound legal basis requiring that this case be remanded back to the Maury County Circuit Court. Accordingly, his motion to remand should be denied.

Initially, to the extent that Plaintiff's most recent motion to quash raises some type of objection to the referral of this case to the undersigned, his motion lacks merit. This case was specifically referred to the Magistrate Judge under Rules 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. §636(b)(1)(A) and (B). *See* Order entered January 24, 2019 (Docket Entry No. 7). Consent of the parties is not required for such a referral. Contrary to what Plaintiff appears to suggest in his motion, the Magistrate Judge is not conducting oversight of the case as a consent case under 28 U.S.C. § 636(c) and Rule 73 and, thus, the requirement for consent of the parties for such oversight is not applicable.

Plaintiff's argument that the notice of removal is untimely also lacks merit. 28 U.S.C. § 1446(b)(1) requires that the notice of removal be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading for the case being removed. It fully appears that the initial pleading in the Maury County Case was served upon Defendant's

5

registered agent for service of process on December 13, 2018, *see* Declaration of Johnathan Branson (Docket Entry No. 11), and the notice of removal filed on January 10, 2019, is, thus, timely. Plaintiff's assertion that Defendant was served with process in the Maury County Case on December 10, 2018, is simply incorrect. The December 10, 2018, date was the date of service of process in Case No. 00065, an event that is irrelevant to determining the timeliness of the notice of removal.

Plaintiff finally argues that Defendant should not be allowed to seek removal of the state law claims because it failed to object to the recommendation made in Case No. 0065 that this Court not exercise supplemental jurisdiction over the claims and dismiss the claims with prejudice. The Court finds no merit in this argument.

The argument is essentially an estoppel or waiver argument. In Case No. 00065, Plaintiff asserted that federal jurisdiction over his case existed on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Upon the Court's dismissal of Plaintiff's federal employment discrimination claims, the Court exercised its discretion under 28 U.S.C. § 1367(c) to dismiss his state law claims without prejudice. Although Defendant had sought dismissal of Plaintiff's state law claims on the merits, its failure to object to the Court's decision to not exercise supplemental jurisdiction over these claims and to dismiss them without prejudice in no way bars them from now seeking their removal to this Court on the basis of diversity jurisdiction. Plaintiff has offered no legal support for his novel argument, and the Court finds that Defendant has not waived its statutory right to removal of Plaintiff's state law claims under 28 U.S.C. § 1441 by any actions that occurred in Case No. 00065.

## IV. MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, the court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. A plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" to establish the plausibility required to "unlock the doors of discovery." *Id*. at 678.[3] After review of Defendant's motion, Plaintiff's response, and Plaintiff's complaint, the Court finds that Plaintiff's factual allegations are insufficient to support the claims for relief that he brings and that this lawsuit should be dismissed.

Initially, the Court notes that Plaintiff's actual claims are somewhat unclearly defined. In his complaint, he sets out two specific state law claims: (1) a claim for "violation of Tennessee's Public Policy and Implied Contract Employment at Will Exceptions;" and, (2) a claim for "negligent retention of supervisors and retaliation." *See* Complaint at pp. 6 and 7. However, he also includes allegations in several paragraphs that suggest he is also pursuing a third claim for unlawful employment discrimination on account of "race, age, sex, and retaliation" under the Tennessee

---

[3] In diversity cases, including those removed from state court, the federal pleading standards apply. *Armstrong v. Shirvell*, 596 Fed.App'x 433, 444 (6th Cir. 2015)

Human Rights Act, Tenn Code Ann. § 4-21-101 *et seq*. ("THRA"). *Id*. at ¶¶ 6, 30, 37, and 40. If Plaintiff intended to pursue this third claim, the claim should have been distinctly and specifically pled in order to avoid any confusion. Nonetheless, given Plaintiff's *pro se* status, the Court will liberally construe his pleadings and address this third claim for the sake of completeness.

Plaintiff's first state law claim warrants dismissal because it fails to state a claim upon which relief can be granted. What Plaintiff appears to assert is that, although he did not work for Defendant pursuant to an employment contract, and although Tennessee follows the doctrine of employment-at-will, his termination is nonetheless actionable because it falls into an exception to the employment-at-will doctrine. Specifically, he contends that he was discharged in bad faith and in retaliation because he was given unreasonable work expectations and had unreasonable requests made on him as a supervisor and because he defused a hostile work event. *See* Complaint at ¶¶ 34-36. In his response to the motion to dismiss, he further argues that Defendant instructed him to engage in illegal activity because Defendant "expected Plaintiff to violate the union contract. *See* Plaintiff's Response at 1-2.

Employment-at-will "is a bedrock of Tennessee common law." *Franklin v. Swift Transp. Co.*, 210 S.W.3d 521, 527 (Tenn. App. 2006). Unless a contractual provision exists, courts presume that employment contracts are indefinite and terminable by a party for good, bad, or no cause at all. *McClaren v. Keystone Memphis, LLC*, 2010 WL 56084 at *4 (W.D. Tenn. Jan. 5, 2010). "However, the employment-at-will doctrine is subject to a small exception that allows a cause of action to lie against an employer who, in terminating an employee, violates a clear public policy of the State of Tennessee." *Id.*; *see also Bone v. CSX Intermodal, Inc.*, 2001 WL 1906279 at *4 (W.D. Tenn. Oct. 11, 2001). Wrongful termination and retaliatory discharge are used interchangeably in

8

Tennessee and the same analysis applies to the claims. *Clanton v. Cain Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984). "A claim for retaliatory discharge will lie 'where the employer has violated a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision.'" *Davidson v. Golden Living Center–Mountainview*, 2010 WL 3155989 (E.D. Tenn. Aug. 10, 2010) *(citing England v. Fleetguard, Inc.*, 878 F. Supp. 1058, 1064 (M.D. Tenn. Mar. 6, 1995)).

Plaintiff's allegations do not support a claim that a clear public policy was violated by his termination. Initially, the Court notes that Plaintiff fails to identify exactly what clear public policy is at issue, let alone that the policy is evidenced by an unambiguous constitutional, statutory, or regulatory provision. Placing unreasonable job expectations or requests upon a supervisor may be a poor business practice, but such actions do not violate a clear public policy of Tennessee. Further, Plaintiff has failed to show how Defendant's reaction to his "defusing a hostile work event" amounted to a violation of an "express public policy of the State of Tennessee." *See* Complaint at ¶ 36. Finally, although Plaintiff argues that some of the actions he was requested to perform by Defendant were violations of union contracts, he again has not shown how these requested actions amounted to a violation of a clear public policy of Tennessee or amounted to illegal activities. For the purposes of a retaliatory discharge claim, "illegal activity" is defined as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety, or welfare." Tenn. Code Ann. § 50–1–304(a)(3). No such activities are shown by Plaintiff's allegations. In the end, Plaintiff simply has not set forth any allegations that would support a wrongful termination/retaliatory discharge claim.

Plaintiff's second state law claim is even less supported by the allegations of his complaint. Although he brings a claim for "negligent retention of supervisors and retaliation," this claim appears

9

to simply be a reiteration of his first state law claim for a wrongful termination/retaliatory discharge. To the extent that Plaintiff is asserting some type of independent tort claim for negligence, his allegations do not support a tort claim under Tennessee law upon which relief can be granted. Indeed, the Court cannot discern from his complaint any allegation that he was injured in a manner that is not unrelated to his termination and that supports a cognizable tort claim. Finally, even if the Court were to decipher a cognizable tort claim from Plaintiff' allegations, Defendant raises a legally sound argument that any such claim would be barred by the exclusivity provision of the Tennessee Workers' Compensation Act. *See* Defendant's Memorandum in Support at pp. 9-10. Plaintiff has not rebutted this argument in any manner.

As to the liberally construed third claim, to the extent that Plaintiff seeks to interweave into this lawsuit a claim under the THRA " based upon allegations of "discrimination on account of race, age, sex, and retaliation," the Court finds such a claim to be unsupported by his factual allegations. First, he has not actually set out such a claim or any factual allegations that support a claim of unlawful discrimination. Nowhere in his complaint are there allegations of events that show even a cursory scenario of unlawful discrimination on account of race, age, or sex, or as retaliation for a protected activity. Plaintiff clearly believes that he was treated unfairly during the brief time that he worked for Defendant. However, he has not alleged any facts that provide an indicia of treatment that can be linked to discrimination against him because of a protected status.

Further, courts apply the same analysis to claims brought under the THRA as the analysis for claims brought under corresponding federal anti-discrimination laws. *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006). For the same reasons as Plaintiff's federal employment

discrimination claims failed to state claims upon which relief could be granted in Case No. 00065,[4] any claims he attempts to bring under the THRA likewise fail to state claims for relief. Specifically, Plaintiff's allegations fail to show that he was subjected to an adverse employment action, suffered intolerable working conditions that indicate a constructive discharge, or engaged in protected activity, all of which would be necessary elements for claim brought under the THRA.

# RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) Plaintiff's motion to quash the notice of removal (Docket Entry No. 6) and amended motion to quash (Docket Entry No. 9), which the Court has construed jointly as a motion to remand, be DENIED;[5] and ,

2) Defendant's motion to dismiss (Docket Entry No. 4) be GRANTED and this action be DISMISSED WITH PREJUDICE as to all claims.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file specific objections to this Report and Recommendation within the required time can constitute a

---

[4] *See* Report and Recommendation entered November 19, 2018 (Docket Entry No. 20) in Case No. 00065.

[5] In accordance with *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001), the undersigned has construed the motion to remand as a dispositive motion requiring a Report and Recommendation.

11

waiver of further appeal of the matters disposed of herein. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

*[signature]*
BARBARA D. HOLMES
United States Magistrate Judge
